IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CIVIL ACTION No. 08-2336 |
| | : | |
| v. | : | |
| | : | |
| CARLOS JONES | : | CRIMINAL ACTION No. 04-809-01 |

### ORDER - MEMORANDUM

**AND NOW**, this 7th day of August, 2008, upon consideration of Defendant Carlos Jones's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Criminal Docket No. 31), and all attendant and responsive briefing, **IT IS HEREBY ORDERED** that:

1.     The above-referenced Motion pursuant to 28 U.S.C. § 2255 is **DENIED** in all respects.

2.     As Jones has failed to make a substantial showing of the denial of a constitutional right, there is no basis for the issuance of a certificate of appealability.

The Indictment in this case charged Jones with three counts of bank robbery, in violation of 18 U.S.C. § 2113(a).  Jones pled guilty to all three counts on February 7, 2005, and we sentenced him on August 22, 2005 to 132 months imprisonment, three years of supervised release, a $300 special assessment, and restitution in the amount of $5,884.00.  Jones did not appeal his sentence.  On June 3, 2008, he filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (the "§ 2255 Motion").

28 U.S.C. § 2255 provides as follows:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum

authorized by law, or is otherwise subject to collateral attack, may
move the court which imposed the sentence to vacate, set aside or
correct the sentence.

28 U.S.C. § 2255(a). "Section 2255 does not provide habeas petitioners with a panacea for all

alleged trial or sentencing errors." United States v. Rishell, Civ. A. Nos. 97-294-1, 01-486, 2002

WL 4638, at *1 (E.D. Pa. Dec. 21, 2001). In order to prevail on a Section 2255 motion, the

movant's claimed errors of law must be constitutional, jurisdictional, "a fundamental defect which

inherently results in a complete miscarriage of justice," or "an omission inconsistent with the

rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428 (1962).

In the § 2255 Motion, Jones argues that November 1, 2007 Amendments to § 4A1.2(a)(2)

of the Sentencing Guidelines, which pertain to computations of a defendant's criminal history,

should be applied retroactively in his case to reduce his sentence. At sentencing, we adopted the

Presentence Report, which concluded that Jones qualified as a "Career Offender" under the

Guidelines, because (1) he was over eighteen years old when he committed the robberies, (2) the

robberies were crimes of violence, and (3) he had two prior state felony convictions, one for

aggravated assault, i.e., a crime of violence, and one for possession of a controlled substance with

the intent to deliver. See U.S.S.G. § 4B1.1(a) (2004) ("A defendant is a career offender if (1) [he]

was at least eighteen years old at the time [he] committed the instant offense of conviction; (2) the

instant offense of conviction is a felony that is . . . a crime of violence . . . ; and (3) the defendant has

at least two prior felony convictions of either a crime of violence or a controlled substance offense.")

Although the Guidelines provided that "[p]rior sentences in related cases are to be treated as one

sentence for purposes of § 4A1.1(a), (b), (c)," Jones's two prior state felony convictions were

imposed in <u>unrelated</u> cases because they were separated by an intervening arrest.[1]  <u>See</u> U.S.S.G. §

4A1.2, comment n.3 (2004).[2]   The two state court sentences were therefore properly counted

separately.  <u>See</u> U.S.S.G. § 4A1.2(a)(2) (2004) ("Prior sentences imposed in unrelated cases are to

be counted separately.").  As a Career Offender, Jones had a Criminal History Category of VI, <u>see</u>

U.S.S.G. § 4B1.1 (b) (2004), and that Criminal History Category combined with his Total Offense

Level of 29 resulted in an advisory Guidelines Range of 151-188 months imprisonment.  The 132

month sentence that we imposed was therefore a below-Guidelines sentence.

Effective November 1, 2007, § 4A1.2(a)(2) of the Guidelines was amended to remove any

reference to related cases and to instead provide in pertinent part:

> (2) If the defendant has multiple prior sentences, determine whether
> those sentences are counted separately or as a single sentence.  Prior
> sentences are always counted separately if the sentences were
> imposed for offenses that were separated by an intervening arrest (<u>i.e.</u>,
> the defendant is arrested for the first offense prior to committing the

---

[1]Although Jones was sentenced on both state felony on September 7, 2001, the aggravated assault and arrest for that crime occurred on November 12, 2000, and the possession of a controlled substance with the intent to distribute and the arrest for that offense occurred on February 12, 2001.

[2]At the time, Application Note 3 defined "related" cases, in pertinent part, as follows:

> *Related Cases*.  <u>Prior sentences are not considered related if they were
> for offenses that were separated by an intervening arrest. (i.e., the
> defendant is arrested for the first offense prior to committing the
> second offense)</u>.  Otherwise, prior sentences are considered related if
> they resulted from offenses that (A) occurred on the same occasion,
> (B) were part of a single common scheme or plan, or (C) were
> consolidated for trial or sentencing.  The court should be aware that
> there may be instances in which this definition is overly broad and
> will result in a criminal history score that underrepresents the
> seriousness of the defendant's criminal history and the danger he
> presents to the public.

U.S.S.G. § 4A1.2, comment n.3 (2004) (underlining added).

> second offense.  If there is no intervening arrest, prior sentences are
> counted separately unless (A) the sentences resulted from offenses
> contained in the same charging instrument; or (B) the sentences were
> imposed on the same day. Count any prior sentence covered by (A)
> or (B) as a single sentence.

U.S.S.G. § 4A1.2(a)(2) (2007).

According to Jones, this amended provision should apply retroactively to his case and result

in a reduced sentence.  However, in United States v. Woods, 526 F.3d 82 (3d Cir. 2008), the United

States Court of Appeals for the Third Circuit considered the retroactive application of the November

1, 2007 amendment to § 4A1.2(a)(2) and held that it was not to be applied retroactively.  Id. at 87-88.

As it explained, a revision to the Guidelines that occurs subsequent to sentencing may be applied

retroactively "if it 'merely clarifies the law in existence at the time of sentencing, as opposed to

working a substantive change in the law.'"  Id. at 86 (quoting United States v. Wise, 515 F.3d 207,

220 (3d Cir. 2008)).  However, upon analysis, the court concluded that the amended version of §

4A1.2(a)(2) effected a substantive change and, therefore, was not to be retroactively applied.  Id. at

88.   Thus, Jones's argument that the amendments should be applied retroactively in his case are

meritless.

Moreover, even assuming *arguendo* that the amendment to § 4A1.2(a)(2) was applied

retroactively to Jones's case, it would not result in a sentence reduction.  As explained above, Jones's

two state criminal convictions were counted separately in calculating Jones's Career Offender status

because they were separated by an intervening arrest.  Amended § 4A1.2(a)(2) preserves that aspect

of the prior Guidelines provision as it continues to provides for the separate counting of "sentences

imposed for offenses that were separated by an intervening arrest." U.S.S.G. § 4A1.2(a)(2) (2007).

Accordingly, Jones would not be entitled to the relief he seeks even if amended § 4A1.2 were

4

applied retroactively to his case.

For the foregoing reasons, we deny Jones's § 2255 Motion in its entirety.


BY THE COURT:


 /s/ John R. Padova, J.
John R. Padova, J.